## MIHOVILCEVIC v. UNITED STATES.
### No. 1239.

**United States District Court**
**D. Massachusetts.**
June 18, 1948.

Sidney S. Grant and Grant & Angoff, all of Boston, Mass., for plaintiff.

William T. McCarthy, U. S. Atty. and Gerald J. McCarthy Asst. U. S. Atty., both of Boston, Mass., for defendant.

HEALEY, District Judge.

The libelant, an alien seaman, signed shipping articles as chief cook of the S.S. David Lubin at Sidney, Australia on March 4, 1944. He alleges in his libel that on or about the 4th day of May, 1944, while he was so employed, "he was caused by the respondent, its officers, agents, attorneys, and through their carelessness, negligence and wilfullness, to be taken off the ship while it was in Palermo, Italy, and unlawfully incarcerated and kept in custody for a period of ten days and also was not permitted to return on the vessel to the United States."

He alleges that by reason of such "alleged detention and false arrest", he "suffered humiliation, great pain and anguish, damages to his reputation and spirit and was prevented from carrying on his duties as a seaman for a long period of time and lost his wages which he would have earned had he been able to ply his trade as a seaman."

The respondent by its answer denies the above-mentioned allegations and as a further answer, alleges that the libelant was duly, lawfully and properly signed off of the vessel at Palermo, Italy, in accordance with all existing laws and regulations.

## Findings of Fact.

The libelant was shipped at Sydney, Australia, as chief cook on the S.S. David Lubin to replace a Mr. Soules who was left behind because of illness. Upon the arrival of the vessel at Palermo, Italy, the libelant was relieved as chief cook and appointed utility man. However, he refused to work other than as chief cook for the next two days, and therefore did no work at all. About two days later, while intoxicated, he brandished a knife, threatening the lives of the steward and other members of the steward's department. The master of the vessel called the Coast Guard, and thereafter the libelant was taken off the ship by the Coast Guard Police and placed under arrest.

On May 8, 1944, he was duly discharged before the American Vice-Consul at Palermo, Italy, with whom the master of the vessel deposited libelant's wages in the sum of $365.77, which amount the Vice-Consul found correct according to the ship's books. The libelant refused to sign a receipt for the wages or to sign off the ship's articles. He was later turned over to the Military Police and returned to jail, from which he was later released without any trial having been held. The money due him for his wages was turned over to the War Shipping Administration.

A notation in the shipping articles shows that he was discharged for incompetence.

On the above facts, I find that there was sufficient cause for the action taken by the master of the vessel in calling the Coast Guard, and that the libelant's subsequent discharge was for justifiable cause

### Conclusion of Law.

I conclude that the action of the master of the David Lubin in calling the Coast Guard was reasonable and for justifiable cause. I further conclude that the libelant was properly discharged at Palermo, Italy for sufficient cause.